1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

PREMERA BLUE CROSS,

10

                    Plaintiff,

11

    v.

12

GS LABS, LLC,

13

                    Defendant.

14

No. 2:21-cv-01399-LK

STIPULATED PROTECTIVE
ORDER

15

16

1.      PURPOSES AND LIMITATIONS

17

        Discovery in this action is likely to involve production of confidential, proprietary, or

18

private information for which special protection may be warranted.  Accordingly, the parties

19

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

20

parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket

21

protection on all disclosures or responses to discovery, the protection it affords from public

22

disclosure and use extends only to the limited information or items that are entitled to confidential

23

treatment under the applicable legal principles, and it does not presumptively entitle parties to file

24

confidential information under seal.

25

2.      PROTECTED MATERIAL

26

        2.1      "CONFIDENTIAL" material shall include the following documents and tangible

27

things produced or otherwise exchanged:

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 1

- Documents and records containing Protected Health Information, as that term is defined in 45 C.F.R. §§ 160.103 and 164.501, including for individuals who received COVID-19 testing from GS Labs, LLC ("GS Labs");

- Documents and records containing other personal and private information, including financial and insurance information, for individuals who received COVID-19 testing from GS Labs;

- Confidential financial and business strategy information for Premera;

- Competitively sensitive information regarding Premera's payments for COVID-19 testing;

- Confidential financial and business strategy information for GS Labs; and

- Competitively sensitive information regarding GS Labs' testing services and the prices GS Labs charges individuals and other insurers for its testing services.

2.2 "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material shall include extremely sensitive materials that qualify as "CONFIDENTIAL" the disclosure of which to another party or non-party would create a substantial risk of significant competitive or commercial disadvantage to the designating party that could not be avoided by less restrictive means.

3.   SCOPE

The protections conferred by this agreement cover not only confidential and highly confidential materials (as defined above), but also (1) any information copied or extracted from confidential or highly confidential materials; (2) all copies, excerpts, summaries, or compilations of confidential or highly confidential materials; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential or highly confidential materials.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     <u>Basic Principles</u>.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any CONFIDENTIAL material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  The parties

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   may designate any portions of a deposition transcript discussing confidential material as

2   "CONFIDENTIAL" within 15 days of receiving the transcript from the deposition;

3          (g)     the author or recipient of a document containing the information or a

4   custodian or other person who otherwise possessed or knew the information.

5          4.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

6   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

7   designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL –

8   ATTORNEY'S EYES ONLY MATERIAL only to:

9          (a)     the receiving party's outside counsel of record in this action, as well as

10  employees of said outside counsel of record to whom it is reasonably necessary to disclose the

11  information for this litigation;

12         (b)     experts and consultants to whom disclosure is reasonably necessary for this

13  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14         (c)     the court, court personnel, and court reporters and their staff;

15         (d)     copy or imaging services retained by counsel to assist in the duplication of

16  highly confidential material, provided that counsel for the party retaining the copy or imaging

17  service instructs the service not to disclose any highly confidential materials to third parties and to

18  immediately return all originals and copies of any highly confidential materials;

19         (e)     during their depositions, witnesses in the action to whom disclosure is

20  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  The parties

22  may designate any portions of a deposition transcript discussing highly confidential material as

23  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" within 15 days of receiving the

24  transcript from the deposition;

25         (f)     the author or recipient of a document containing the information or a

26  custodian or other person who otherwise possessed or knew the information.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.4     Filing Protected Material.  Before filing confidential or highly confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with LCR 5(g)(3)(A), to determine whether the designating party will remove the confidential or highly confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.  Notwithstanding the foregoing, information constituting Protected Health Information used or introduced as an exhibit at trial shall not become public and will not be available to members of the public.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    If it comes to a designating party's attention that information or items that it designated for

2  protection do not qualify for protection, the designating party must promptly notify all other parties

3  that it is withdrawing the mistaken designation.

4    5.2    Manner and Timing of Designations. Except as otherwise provided in this

5  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

6  ordered, disclosure or discovery material that qualifies for protection under this agreement must

7  be clearly so designated before or when the material is disclosed or produced.

8    (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

9  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

10  the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEY'S EYES ONLY" to each page that contains confidential material.

12    (b)    Testimony given in deposition or in other pretrial proceedings: the parties

13  and any participating non-parties must identify on the record, during the deposition or other pretrial

14  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

15  after reviewing the transcript.  Any party or non-party may, within 15 days after receiving the

16  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

17  exhibits thereto, as confidential or highly confidential.  Prior to the 15-day deadline for

18  confidentiality designations, transcripts will be treated as presumptively confidential.  If a party or

19  non-party desires to protect confidential information at trial, the issue should be addressed during

20  the pre-trial conference.

21    (c)    Other tangible items: the producing party must affix in a prominent place

22  on the exterior of the container or containers in which the information or item is stored the word

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

24    5.3    Protected Health Information.  Pursuant to 45 C.F.R. § 164.502(b)(1), GS Labs and

25  Premera agree that in using, disclosing, or requesting any documents or records containing

26  Protected Health Information, they will make reasonable efforts to limit Protected Health

27  Information to the minimum necessary to accomplish the intended purpose of the use, disclosure,

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   or request.  The parties expressly reserve all arguments that any request, disclosure, or use of

2   Protected Health Information is unnecessary to this action.

3       5.4   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

4   designate qualified information or items does not, standing alone, waive the designating party's

5   right to secure protection under this agreement for such material. Upon timely correction of a

6   designation, the receiving party must make reasonable efforts to ensure that the material is treated

7   in accordance with the provisions of this agreement.

8   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

9       6.1   Timing of Challenges. Any party or non-party may challenge a designation of

10  confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

11  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

12  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

13  challenge a confidentiality designation by electing not to mount a challenge promptly after the

14  original designation is disclosed.

15      6.2   Meet and Confer. The parties must make every attempt to resolve any dispute

16  regarding confidential or highly confidential designations without court involvement.  Any motion

17  regarding confidential or highly confidential designations or for a protective order must include a

18  certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good

19  faith meet and confer conference with other affected parties in an effort to resolve the dispute

20  without court action.  The certification must list the date, manner, and participants to the

21  conference.  A good faith effort to confer requires a face-to-face meeting or a telephone

22  conference.

23      6.3   Judicial Intervention. If the parties cannot resolve a challenge without court

24  intervention, the designating party may file and serve a motion to retain confidentiality under LCR

25  7 (and in compliance with LCR 5(g), if applicable).  The burden of persuasion in any such motion

26  shall be on the designating party.  Frivolous challenges, and those made for an improper purpose

27  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  challenging party to sanctions.  All parties shall continue to maintain the material in question as

2  confidential until the court rules on the challenge.

3  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4  LITIGATION

5          If a party is served with a subpoena or a court order issued in other litigation that compels

6  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

7  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that party must:

8              (a)      promptly notify the designating party in writing and include a copy of the

9  subpoena or court order;

10             (b)      promptly notify in writing the party who caused the subpoena or order to

11  issue in the other litigation that some or all of the material covered by the subpoena or order is

12  subject to this agreement.  Such notification shall include a copy of this agreement; and

13             (c)      cooperate with respect to all reasonable procedures sought to be pursued by

14  the designating party whose confidential material may be affected.

15  8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

17  material to any person or in any circumstance not authorized under this agreement, the receiving

18  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

19  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

20  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

21  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

22  Bound" that is attached hereto as Exhibit A.

23  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

24  MATERIAL

25         When a producing party gives notice to receiving parties that certain inadvertently

26  produced material is subject to a claim of privilege or other protection, the obligations of the

27  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   is not intended to modify whatever procedure may be established in an e-discovery order or

2   agreement that provides for production without prior privilege review. The parties agree to the

3   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

4   10.     NON TERMINATION AND RETURN OF DOCUMENTS

5           Within 60 days after the termination of this action, including all appeals, each receiving

6   party must return all confidential and highly confidential materials to the producing party,

7   including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon

8   appropriate methods of destruction.  This expressly includes any documents and records that

9   contain any Protected Health Information disclosed or used in this action.

10          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11  documents filed with the court; trial, deposition, and hearing transcripts; correspondence;

12  deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work

13  product, even if such materials contain confidential or highly confidential material.

14          The confidentiality obligations imposed by this agreement shall remain in effect until a

15  designating party agrees otherwise in writing or a court orders otherwise.

16

17                      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18  DATED:  May 25, 2022

19                                                  KILPATRICK TOWNSEND & STOCKTON
                                                    LLP

20
                                                    By *s/ Gwendolyn C. Payton*
21                                                     Gwendolyn C. Payton, WSBA #26752
                                                       1420 Fifth Avenue, Suite 3700
22                                                     Seattle, WA 98101
                                                       Tel: (206) 626-7714
23                                                     Fax: (206) 623-6793
                                                       Email: gpayton@kilpatricktownsend.com
24

25                                                  ROBINS KAPLAN LLP

26                                                  By *s/ Charlie C. Gokey*
                                                       Jeffrey S. Gleason (*pro hac vice*)
27                                                     Charlie C. Gokey (*pro hac vice*)

STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 9

Stephanie A. Chen (*pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015
Tel: (612) 349–8500
Fax: (612) 339–4181
Email: JGleason@robinskaplan.com
　　　CGokey@robinskaplan.com
　　　SChen@robinskaplan.com

*Counsel for Plaintiff Premera Blue Cross*

DATED:  May 25, 2022

DAVIS WRIGHT TREMAINE LLP

By *s/ Jaime Drozd Allen*
　Jaime Drozd Allen, WSBA #35742
　920 Fifth Avenue, Suite 3300
　Seattle, WA  98104-1610
　Tel: (206) 757-8039
　Fax: (206) 757-7039
　Email: jaimeallen@dwt.com

*Counsel for Defendant GS Labs, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 1st day of June, 2022.

Lauren King
United States District Judge

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Premera Blue Cross v. GS Labs, LLC*, Case No. 2:21-cv-01399-LK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____


STIPULATED PROTECTIVE ORDER (2:21-cv-01399-LK) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax