UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PREMERA BLUE CROSS,

                                    Plaintiff,

        v.

GS LABS, LLC,

                                    Defendant.

No. 2:21-cv-01399-LK

AGREEMENT REGARDING
DISCOVERY OF
ELECTRONICALLY STORED
INFORMATION AND ORDER

Premera Blue Cross and GS Labs, LLC ("GS Labs") (collectively, the "Parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan.  To further the

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 1

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party will disclose:

1.    Custodians.  The ten custodians most likely to have discoverable ESI in their possession, custody, or control.  The custodians will be identified by name, title, connection to this litigation, and the type of the information under the custodian's control.  For clarity, ESI includes (but is not limited to) e-mail, text messages, and any messages exchanged on a party's internal networking system, i.e., Slack, Teams, etc.

2.    Non-custodial Data Sources.  A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.    Third-Party Data Sources.  A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    Inaccessible Data.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    ESI Discovery Procedures**

1.    On-site inspection of electronic media. Such an inspection will not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

2.     <u>Search methodology.</u>  The parties will timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), processes for handling records and documents containing Protected Health Information, and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.  The parties will continue to cooperate in revising the appropriateness of the search methodology.

a.     Prior to running searches:

i.     The producing party will disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information.  The producing party may provide unique hit counts for each search query.

ii.     The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 15 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii.     The following provisions apply to search terms/queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and will count as a single search term.  A disjunctive combination of multiple words or phrases broadens the search, and thus each word or phrase will count as a separate search term unless they are related to the same category of documents and records sought (*e.g.,* a search attempting to identify "banking" or "checking" records).  The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

b.      After production:  Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to the requesting party's requests, the requesting party may request no more than 10 additional search terms or queries.  The immediately preceding section (Section C(2)(a)(iii)) applies.

3.      <u>Format.</u>

a.      ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties.  Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c.      Each document image file will be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes will be maintained as they existed in the original document.  For clarity, the producing party will produce full families (parent documents and any attachments) for any non-privileged document(s) that hits on one or more of the producing or requesting party's search terms, regardless of whether the document that hits on the search term(s) is the parent document or an attachment to the parent document.

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.      <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.      <u>Email Threading.</u>  The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.  Upon reasonable request, the producing party will produce a less inclusive copy.

6.      <u>Metadata fields.</u>  If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value.  The list of metadata type is intended to be flexible and may be changed by agreement of the parties.

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the parties' possession, custody, or control.  With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties will not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties will preserve all discoverable ESI in their possession, custody, or control.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is identified after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).  For clarity, the parties will not be required to log privileged or work product documents created after the filing of the complaint in this matter.  The parties also will not be required to re-run search terms for a previously agreed custodian if they have completed running search terms in full through the ESI for such custodian.

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are duplicative of data that are more accessible elsewhere.

f.      Server, system, or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.      Privilege**

1.      A producing party will create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 6

Agreement and Order. Privilege logs will include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party will include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document. Documents and records that have been redacted for the sole purpose of removing Protected Health Information do not need to be logged.

3.      With respect to privileged or work-product information generated after the filing of the complaint, the parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this matter will not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product will be immediately returned to the producing party, and its production will not constitute a waiver of such protection.

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

6.      The production of any documents in this action will not constitute a waiver of any arguments by the producing party challenging the future admissibility or use of those documents in this action.

DATED: May 25, 2022

KILPATRICK TOWNSEND & STOCKTON LLP

By *s/ Gwendolyn C. Payyton*
    Gwendolyn C. Payton, WSBA #26752
    1420 Fifth Avenue, Suite 3700
    Seattle, WA 98101
    Tel: (206) 626-7714
    Fax: (206) 623-6793
    Email: gpayton@kilpatricktownsend.com

ROBINS KAPLAN LLP

By *s/ Charlie C. Gokey*
    Jeffrey S. Gleason (*pro hac vice*)
    Charlie C. Gokey (*pro hac vice*)
    Stephanie A. Chen (*pro hac vice*)
    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402–2015
    Tel: (612) 349–8500
    Fax: (612) 339–4181
    Email: JGleason@robinskaplan.com
    CGokey@robinskaplan.com
    SChen@robinskaplan.com

*Counsel for Plaintiff Premera Blue Cross*

DAVIS WRIGHT TREMAINE LLP

By *s/ Jaime Drozd Allen*
    Jaime Drozd Allen, WSBA #35742
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 757-8039
    Fax: (206) 757-7039
    E-mail: jaimeallen@dwt.com

*Counsel for Defendant GS Labs, LLC*

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**ORDER**

The Court finds the parties' ESI agreement acceptable with the exception of the second sentence of Section E.2, which has been modified by the Court as follows: "Documents and records that have been redacted ~~to remove~~ for the sole purpose of removing Protected Health Information do not need to be logged."

Based on the foregoing agreement and the Court's modification, IT IS SO ORDERED.

Dated this 1st day of June, 2022.

Lauren King
United States District Judge

AGREEMENT RE DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER (2:21-cv-01399-LK) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax